UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RPM MORTGAGE, INC., | Case No.  15-cv-03380-MEJ |
| Plaintiff, | |
| v. | **ORDER DENYING WITHOUT PREJUDICE MOTION TO DISMISS FOR FORUM NON CONVENIENS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE** |
| SUNTRUST MORTGAGE, INC., et al., | |
| Defendants. | Re: Dkt. No. 10 |

**INTRODUCTION**

Plaintiff RPM Mortgage, Inc. ("RPM") brings a Complaint for Declaratory Relief against Defendant SunTrust Mortgage, Inc. ("SunTrust"), seeking a judicial determination that it has no obligation to indemnify SunTrust for its losses relating to loans underwritten by NL, Inc.  Compl., Dkt. No. 1-1.  SunTrust now moves to dismiss for forum non conveniens or, in the alternative, to transfer venue under 28 U.S.C. § 1404(a).  RPM filed an Opposition (Dkt. No. 14), and SunTrust filed a Reply (Dkt. No. 15).  The Court finds this matter suitable for disposition without oral argument and **VACATES** the September 3, 2015 hearing.  *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b).  Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **DENIES** SunTrust's Motion **WITHOUT PREJUDICE** for the following reasons.

**BACKGROUND**

On December 7, 2001, SunTrust and NL entered into a Correspondent Loan Purchase Agreement, under which NL agreed to sell mortgage loans to SunTrust, and SunTrust agreed to purchase mortgage loans from NL.  Nichols Decl. ¶ 4 & Ex. A ("Correspondent Agreement"), Dkt. No. 9.  Under the terms of the Correspondent Agreement, SunTrust and NL agreed that any legal disputes must be brought in the Circuit Court of Henrico County, Virginia, or in the United States District Court for the Eastern District of Virginia, Richmond Division.  Correspondent

1    Agreement ¶ 40.  The Agreement provides it "is binding upon the Seller and Purchaser and their

2    respective successors and assigns."  *Id.* ¶ 27.

3         According to RPM's website, Robert Hirt is the CEO and owner of RPM.  *See*

4    http://www.rpm-mtg.com/About_Us/Management ("Meet Our Management," last visited Aug. 19,

5    2015); Elrakabawy Decl., Ex. A (printout of same), Dkt. No. 8.[1]  Tracey Hirt is RPM's President.

6    Hirt Decl. ¶ 1, Dkt. No. 14-1.  According to Tracey Hirt, she was also employed by NL as part of

7    its upper management team.  *Id.* ¶ 2.  She states that in or about 2006 or 2007, the NL

8    management team determined they needed a different business model.  *Id.* ¶ 5.  Thus, "RPM was

9    formed in or about June 2007 and began doing business in 2008," and "[o]ver time almost all of

10   the former employees of NL were either terminated or quit[.]"  *Id.* ¶ 6.  Hirt states the intention of

11   RPM's upper management team was "always to create a viable company completely separate from

12   NL."  *Id.* ¶ 8.

13        However, RPM's website states RPM has been in existence since 1986.  *See*

14   http://www.rpm-mtg.com/About_Us ("About RPM," last visited Aug. 19, 2015).  The website also

15   provides that Robert and Tracey Hirt "have been the sole owners of RPM" since 1996.  *Id.*  Both

16   NL and RPM are listed as "Active" on the California Secretary of State's website, with the same

17   address: 3240 Stone Valley Rd W, Alamo, California 94507.  *See* Elrakabawy Decl. ¶¶ 6-7, Exs.

18   D-E (printouts of Business Entity Detail pages for NL, Inc., Entity No. C1690063, and RPM

19   Mortgage, Inc., Entity No. C3002915); *see also* http://kepler.sos.ca.gov/ (California Secretary of

20   State's "Business Search" website, last visited Aug. 19, 2015).  Tracey Hirt is listed as NL's

21   Agent for Service of Process, while Robert Hirt is listed as RPM's Agent for Service of Process.

22   Elrakabawy Decl., Exs. D-E.

23        On May 26, 2015, SunTrust sent a letter to RPM demanding it indemnify SunTrust for

24   losses SunTrust incurred relating to five loans underwritten, closed, and funded by NL under the

25   Correspondent Agreement between 2005 and 2007.  Compl. ¶¶ 7-9 & Ex. A (Demand Letter).

26

27   _____
     [1] The Court takes judicial notice of the website pages discussed in this order.  *See* Fed. R. Evid.
28   201(b); *Caldwell v. Caldwell*, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006).

United States District Court
Northern District of California

SunTrust claims it has incurred $857,339.31 in losses, plus interest, expenses, and attorneys' fees as a result of the loans.  Compl. ¶ 10 & Ex. A.  In response, on June 22, 2015, RPM filed the present lawsuit in Contra Costa County Superior Court, arguing it is not a successor in interest to NL. *Id.* ¶ 15.  SunTrust removed the case to this Court on July 22, 2015.  Dkt. No. 1.  SunTrust also initiated a separate action against both NL and RPM, filed July 16, 2015, in the United States District Court of the Eastern District of Virginia, entitled *SunTrust Mortgage, Inc. v. NL Inc. f/k/a Najarian Loans, Inc. and RPM Mortgage, Inc.*, 3:15-cv-00424.  In that case, SunTrust seeks damages for breach of contract and indemnification arising out of the Correspondent Agreement. *SunTrust*, 3:15-cv-00424, Dkt. No. 1.[2]

SunTrust filed the present Motion on July 29, 2015, arguing RPM is a successor-in-interest and alter ego of NL, and therefore the case must be heard in Virginia pursuant to the forum selection clause in the Correspondent Agreement.  Mot. at 1.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented" if such a transfer is convenient to the parties and witnesses.  Aside from convenience, a motion under § 1404(a) is also the proper vehicle to enforce a forum selection clause. *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct.*, 134 S. Ct. 568, 579 (2013) ("Section 1404(a) therefore provides a mechanism for enforcement of forum-selection clauses that point to a particular federal district.").  The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

"A forum selection clause is presumptively valid; the party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which [the court] will conclude the clause is unenforceable." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009) (citing *M/S*

---

[2] The Court takes judicial notice of SunTrust's Complaint in the Eastern District of Virginia case. *See* Fed. R. Evid. 201(b); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

1    *Bremen v. Zapata Off-Shore Co. (Bremen)*, 407 U.S. 1, 17 (1972)).  In resolving motions to

2    dismiss or transfer based on a forum selection clause, the pleadings are not accepted as true, as

3    would be required under a Rule 12(b)(6) analysis.  *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320,

4    324 (9th Cir. 1996) (citations omitted); *see also Doe 1*, 552 F.3d at 1081 (in considering a motion

5    to enforce a forum selection clause "pleadings need not be accepted as true, and facts outside the

6    pleadings may be considered."); *Pelleport Inv'rs, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d

7    273, 280 (9th Cir. 1984) ("Absent some *evidence* submitted by the party opposing enforcement of

8    the clause to establish fraud, undue influence, overweening bargaining power, or such serious

9    inconvenience in litigating in the selected forum so as to deprive that party of a meaningful day in

10   court, the provision should be respected as the expressed intent of the parties." (citing *Bremen*, 407

11   U.S. at 12-19) (emphasis added)).

## DISCUSSION

13        SunTrust argues RPM is bound by the forum selection clause in several respects: as a

14   participant in the Correspondent Agreement, as the successor-in-interest of NL, and as the alter

15   ego of NL.  Mot. at 5.  In its Opposition, RPM raises no objection to the validity of the forum

16   selection clause.  It also admits "NL was the entity involved in the underwriting, closing, and

17   funding of the Loans for which SunTrust seeks indemnification."  Compl. ¶ 13.  Instead, RPM

18   argues the forum selection clause applies only to SunTrust and NL, because RPM is not NL's

19   successor-in-interest.  Opp'n at 1.  Having reviewed the parties' arguments, the Court finds

20   resolution of SunTrust's Motion depends on a determination regarding NL and RPM's

21   relationship, and the limited record does not permit such a determination at this time.

22        On the one hand, SunTrust presents compelling evidence that RPM may be the successor-

23   in-interest or alter ego of NL, or at least a participant.  SunTrust has shown that NL and RPM are

24   both California corporations with their address identified as 3240 Stone Valley Rd. W, Alamo,

25   California 94507.  *See* Elrakabawy Decl. ¶¶ 6-7, Exs. D-E.  SunTrust alleges NL held itself out as

26   doing business under the name RPM and Residential Pacific Mortgage as late as 2008, did

27   business from the website www.rpm-mortgage.com, and had employees use email addresses with

28

United States District Court
Northern District of California

the suffix "@rpm-mortgage.com." *See* Nichols Decl. ¶¶ 9-10.[3]  Further, although Tracey Hirt attests RPM was formed "in or about June 2007 and began doing business in 2008," Hirt Decl. ¶ 5, RPM's own website states the company has been in existence since 1986, with Robert and Tracey Hirt as "the sole owners of RPM" since 1996.  *See* http://www.rpm-mtg.com/About_Us ("About RPM," last visited Aug. 19, 2015).

On the other hand, RPM has provided evidence that it is a separate legal entity from NL. Tracey Hirt attests RPM and NL maintained separate records, bank accounts, payrolls, and identities, and did not comingle funds.  Hirt Decl. ¶ 10.  She also attests that services performed by NL for RPM, or vice versa, were pursuant to contracts between the two companies, and were paid for.  *Id.* ¶ 11 & Ex. A ("Outsourcing Agreement").  Hirt states the intention of RPM's upper management team was "always to create a viable company completely separate from NL," and "[o]ver time almost all of the former employees of NL were either terminated or quit on their own. *Id.* ¶¶ 6, 8.  RPM also provides a schedule of assets retained by NL in the total amount of $2,443,043, including "mortgage loans held for sale" (closed loans that had not yet been sold), which were not directly or indirectly transferred to RPM but were instead held to pay NL's debts. *Id.* ¶ 14 & Ex. C ("List of Assets Retained by NL INC.").

This record shows there are unsettled factual issues that bear on the threshold forum issue, making a ruling on SunTrust's Motion premature.  However, as facts outside the pleadings can be considered, the Court finds it appropriate for the parties to conduct limited discovery and further develop this record, after which SunTrust may bring a renewed motion to transfer, if appropriate.

## CONCLUSION

Based on the analysis above, the Court finds a more developed record regarding the nature of NL and RPM's relationship will help reveal whether transfer is appropriate.  Accordingly, SunTrust's Motion is **DENIED WITHOUT PREJUDICE**.  The Court shall permit the parties to

---

[3] These allegations are based on a declaration from SunTrust's Assistant Vice President, Eric Nichols.  If true, such evidence would tend to favor transfer.  However, beyond this self-serving declaration, SunTrust provides no other evidence in support of these allegations, thus supporting the Court's conclusion that the limited record does not permit it to determine the nature of NL and RPM's relationship at this time.

United States District Court
Northern District of California

1    engage in limited discovery regarding NL and RPM's relationship, to be completed by October

2    15, 2015.  If any disputes arise, the parties shall comply with the undersigned's Discovery

3    Standing Order, available at http://www.cand.uscourts.gov/mej.  The parties shall provide a

4    discovery status report as part of their joint case management statement, due October 15, 2015.

5         **IT IS SO ORDERED.**

6

7    Dated: August 20, 2015

8    _____

9    MARIA-ELENA JAMES
     United States Magistrate Judge